IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL JOSEPH FRERICKS, II,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-3561-L-BT** |
| | § | |
| **ROCKWALL COUNTY, TEXAS, *et al.*,** | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the court are the Findings, Conclusions and Recommendation of the United States

Magistrate Judge ("Report") (Doc. 11) entered on January 12, 2026; and Plaintiff Michael Joseph

Frericks, II's ("Plaintiff") objections (Doc. 12) to the Report. For the reasons herein explained, the

court **accepts** the magistrate judge's jurisdictional findings and conclusion; **overrules** Plaintiff's

jurisdictional objections; and **dismisses without prejudice** this action for lack of subject matter

jurisdiction based on diversity or federal question jurisdiction.  In so ruling, the court expresses no

opinion regarding the merits of Plaintiff's claims.

## I.    Background

The magistrate judge recommends that the court *sua sponte* dismiss this action and

Plaintiff's claims for lack of subject matter jurisdiction based on diversity or federal question

jurisdiction, or, alternatively, dismiss Plaintiff's claims as frivolous and failure to state a claim

under 28 U.S.C. § 1915(e)(2)(B). With respect to jurisdiction, the magistrate judge determined

that, even though Plaintiff asserts alleged constitutional violations under 42 U.S.C. § 1983 against

Rockwall County, Texas, and various Rockwall County officials, he lacks Article III standing to

bring these claims. The magistrate judge also recommends that the court not allow Plaintiff to

further amend his pleadings because it lacks jurisdiction, and, to the extent Plaintiff relies on the denial of his right to self-representation, such claim failed in his prior criminal action in Rockwall County and does not give him standing to assert the claims in this civil action, and Plaintiff cannot overcome any of these deficiencies.

Plaintiff filed his objections to the Report on January 20, 2026. He does not dispute that jurisdiction based on diversity is lacking. He instead contends that the court has federal question jurisdiction over his claims for alleged constitutional violations brought pursuant to 42 U.S.C. § 1983. He also disagrees with the magistrate judge's determination that his federal claims—seeking a declaration that Rockwall County's policies and practices are unconstitutional and unlawful; an injunction to prohibit Defendants from continuing to fund certain challenged practices; and damages—are frivolous or fail to state a claim upon which relief can be granted. Plaintiff, therefore, argues that he should be given an opportunity to amend before this action is dismissed.

## II. Discussion

### A. Jurisdiction/Article III Standing

As jurisdiction is a prerequisite to Plaintiff bringing this suit, the court's analysis addresses this issue first. As indicated, Plaintiff does not dispute that diversity jurisdiction is lacking. Plaintiff also seems to acknowledge that he is not a citizen or taxpayer of Rockwall County, Texas, but he disagrees that this is necessary for him to have standing to enjoin the allegedly illegal use of Rockwall County taxpayer funds to pay for new office space, expansion of the county jail, and technology upgrades rather than road infrastructure improvements needed to correct allegedly dangerous road conditions in Rockwall County. Plaintiff contends that he has standing because he was previously criminally prosecuted in Rockwall County and "directly harmed by County practices related to compelled and perfunctory representation (including counsel refusing to submit

Order – Page 2

Plaintiff's exculpatory evidence to the court [and] refusing to subpoena key witnesses." Doc. 12 at 3-4.

The magistrate judge, however, addressed and explained why this is insufficient to confer municipal taxpayer standing for Plaintiff to sue regarding the manner in which tax revenues are expended on disputed practices, and he fails to identify any legal authority to support his conclusory argument that this is sufficient to confer standing in the absence of an allegation that he is also a Rockwall County taxpayer, or more specifically, a Rockwall County taxpayer who pays property taxes or similar county taxes sufficient to establish a personal stake in how the funds at issue are expended. Moreover, there is no apparent connection between the harm Plaintiff allegedly suffered in his criminal case and the harm alleged in this case concerning the manner in which taxpayer funds are used or not used to pay for road infrastructure repairs in Rockwall County. Accordingly, this objection is **overruled**.

Plaintiff next contends that the ongoing risk of harm that he is subjected to as a frequent traveler on Rockwall County roads is sufficient to give him standing to sue for the constitutional violations alleged in this action. For support, he relies on *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). In addition, he argues that the magistrate judge improperly collapsed his case into a taxpayer standing case while ignoring his allegedly "direct personal injury" and "ongoing exposure and risk." Doc. 12 at 3-4. The court disagrees for the reasons that follow.

In his First Amended Complaint, Plaintiff alleges that he has knowledge of "sharply rising crash and fatality rates on the affected" roads in Rockwall County, including accidents involving five families, *but he does not allege* that he is a frequent traveler on Rockwall County roads or that he has ever been subjected to a risk of "direct personal injury" that is not speculative in nature. Regardless, if, as Plaintiff contends, that this alone is sufficient to confer standing, then it would

Order – Page 3

lead to the absurd result that anyone who frequently travels on any road or highway in this country would have standing to sue a county, municipality, and its officials for their allegedly unconstitutional failure to use taxpayer funds to pay for matters other than road improvements allegedly needed to improve safety if there have ever been any prior accidents on such roadways. The court is aware of no binding Fifth Circuit or Supreme Court case in which a court has held that someone in Plaintiff's position or anyone else has standing to sue under such circumstances. Further, while Plaintiff takes issue with the magistrate judge's characterization of his claims and this case as a "municipal-spending dispute," it is readily apparent from Plaintiff's live pleadings that this characterization accurately depicts the nature of his claims, as the focus of his claims is clearly Rockwall County's (and Rockwall County officials') allegedly unconstitutional misuse of taxpayer funds to pay for matters other than road improvements that Plaintiff believes are needed to improve safety.  The court, therefore, **overrules** these objections.

Accordingly, the court agrees with the magistrate judge's determination that subject matter jurisdiction is lacking here based on a federal question given Plaintiff's lack of Article III standing to sue for the aforementioned alleged constitutional violations. Additionally, as noted, Plaintiff did not object to the magistrate judge's determination that diversity jurisdiction is also lacking, and the court determines that Plaintiff's pleadings contain no allegations that would support the exercise of subject matter jurisdiction over this action based on diversity. Having determined that the court lacks jurisdiction over this action, it need not address Plaintiff's objections as to whether his claims are frivolous or fail to state a claim upon which relief can be granted.

Order – Page 4

### B. Amendment of Pleadings

This leaves only Plaintiff's objection to the magistrate judge's recommendation that he should not be allowed to further amend his pleadings and his related request to amend based on the following reasoning:

> **Denial of leave to amend is premature; at minimum, Plaintiff must be granted one opportunity to cure any perceived pleading gaps.** The FCR recommends dismissal without leave to amend on the theory that Plaintiff has pleaded his "best case." (FCR at 9). Even in § 1915 screening, leave to amend is ordinarily appropriate for pro se litigants where amendment can clarify standing, nexus, or policy/custom allegations. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff submits Exhibit A (sworn declaration) confirming direct injury and ongoing Rockwall nexus and requests, at minimum, one opportunity to amend to address any perceived specificity concerns-without conceding any deficiency in the current pleading.
>
> **Requested relief:** Grant leave to amend if the Court identifies any curable pleading issue.

Doc. 12 at 4-5.

Rule 15(a)* provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768). A district court may also deny leave to amend if the plaintiff does not provide a copy of the proposed amended complaint or explain how pleading defects could be cured.

---

* The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Order – Page 5

*Scott v. United States Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam). Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility. *Wiggins*, 710 F. App'x at 627 (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

Here, Plaintiff has not provided the court with a copy of his proposed amended complaint. Consequently, the court is necessarily limited to considering his reasons in his objections to the Report for seeking to amend. Plaintiff's only stated reason for seeking to amend is his contention that he suffered a "direct injury and ongoing Rockwall nexus." Doc. 12 at 5. The court was unable to locate the Exhibit containing the sworn declaration referenced by Plaintiff that he asserts confirms his "direct injury and ongoing Rockwall nexus." *Id.*  In any event, the court has already determined that such speculative injury does not give him standing to sue Rockwall County or the Rockwall County officials in this case for their allegedly unconstitutional misuse of taxpayer funds to pay for matters other than road improvements allegedly needed to improve safety—in the absence of allegations by Plaintiff that he is also a Rockwall County taxpayer, or more specifically, a Rockwall County taxpayer who pays property taxes or similar county taxes sufficient to establish a personal stake in how the funds at issue are expended.

Having determined that this and Plaintiff's other standing arguments fail as a matter of law, and Plaintiff has not identified any other basis for Article III standing, the court determines that any further attempt by him at amendment would be futile.  Additionally, although Plaintiff is proceeding pro se, he previously amended his pleadings, and he had the opportunity to make any argument he wished to present in his objections to the Report in an effort to cure the jurisdictional deficiencies identified in the Report.  Further, the court determines that allowing additional

Order – Page 6

amendment would unnecessarily delay the resolution of this action. The court, therefore, **overrules** this objection by Plaintiff and **denies** his request to further amend his pleadings.

### III.     Conclusion

After considered the pleadings, file, record in this case, and Report, and having conducted a de novo review of the portions of the Report objected to by Plaintiff concerning the magistrate judge's jurisdictional findings and conclusions, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, for all of the reasons explained in this order, Plaintiff's jurisdictional objections are **overruled**, his request to further amend his pleadings to cure the jurisdictional deficiencies identified by the magistrate judge is **denied**, and this action and all claims by Plaintiff against all Defendants are **dismissed without prejudice** for lack of jurisdiction.

It is so ordered this 21st day of May, 2026.

Sam A. Lindsay
United States District Judge